IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-126-D
No. 7:10-CV-69-D

| | |
|---|---|
| MUHAMMAD ABDUL RAHMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

On November 14, 2011, Muhammad Abdul Rahman ("petitioner" or "Rahman"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 42]. On February 27, 2012, the United States ("respondent" or "government") moved under Rule 12(b)(6) to dismiss Rahman's section 2255 motion [D.E. 52, 53]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Rahman of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 54]. On March 20, 2012, Rahman responded in opposition to the government's motion [D.E. 55]. As explained below, the court grants in part the government's motion to dismiss.

I.

On November 17, 2008, pursuant to a written plea agreement [D.E. 13], Rahman pleaded guilty to both counts of a criminal information [D.E. 4] that charged him with one count of conspiring to distribute and to possess with intent to distribute more than 50 grams of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and one count of using and carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C.

§ 924(c). See [D.E. 11]. On April 23, 2009, at the sentencing hearing, the court calculated the advisory guideline range to be 135 to 168 months' imprisonment on count one and 60 months' imprisonment on count two, to be served consecutively to the sentence imposed on count one. [D.E. 34] 5. The court then sentenced Rahman to 156 months' imprisonment on count one and 60 months' imprisonment on count two, to be served consecutively. [D.E. 22, 23]. Rahman did not appeal until March 11, 2010. On November 10, 2010, the Fourth Circuit dismissed his appeal as untimely. [D.E. 24-2, 37].

In his section 2255 motion, Rahman alleges that he received ineffective assistance of counsel when his trial counsel (1) provided inaccurate information during plea negotiations, [D.E. 42] 4; (2) failed to prepare for trial, discuss the facts of the case, or provide legal advice, id.; (3) failed to object to the presentence report ("PSR"), id. 8; (4) failed to argue against the application of 18 U.S.C. § 924(c), id.; (5) failed to file an appeal at Rahman's request, [D.E. 42-1] 4; and (6) failed to object to the drug weight calculation. Id. 5. Rahman also argues that he should be resentenced due to the change in how the Sentencing Guidelines now treat crack cocaine. [D.E. 42] 5.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions,

or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam); Smith v. Murray, 477 U.S. 527, 535–36 (1986); Strickland v. Washington, 466 U.S. 668, 686 (1984). Rahman contends that he received ineffective assistance of counsel during plea negotiations, at sentencing, and on appeal.

To prevail on a claim of ineffective assistance of trial counsel, a party must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. Counsel's performance is deficient when counsel's representation falls "below an objective standard of reasonableness in light of prevailing professional norms." Van Hook, 558 U.S. at 7 (quotations omitted); see Strickland, 466 U.S. at 688. When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

In his first claim, Rahman alleges that he received ineffective assistance when trial counsel provided inaccurate information during plea negotiations regarding the potential penalties Rahman faced and recommended Rahman plead guilty, resulting in an involuntary plea. [D.E. 42] 4. Given

3

the evidence and possible charges against Rahman, counsel's advice to plead guilty was reasonable. See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); United States v. Dixon, 105 F. App'x 450, 452 (4th Cir. 2004) (per curiam) (unpublished). Furthermore, a petitioner cannot mount a successful claim of ineffective assistance based on counsel's inaccurate prediction of the petitioner's likely sentence where the court corrects such misinformation at the Rule 11 hearing. See United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). At Rahman's arraignment, in accordance with Federal Rule of Criminal Procedure 11, the court advised Rahman of the maximum potential penalties associated with his convictions, the consequences of pleading guilty, and that Rahman's sentence would be determined by the court. See [D.E. 35] 16–24. The court's Rule 11 colloquy cured the potential prejudice of any alleged misinformation from counsel. See Foster, 68 F.3d at 88; United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); Lambey, 974 F.2d at 1393–95. Moreover, in his plea agreement, Rahman agreed that he understood the potential penalties for his crimes and the potential penalties are properly listed in the plea agreement. See [D.E. 13] ¶ 3. Accordingly, Rahman's first claim fails.

In his second claim, Rahman alleges that he received ineffective assistance when trial counsel failed to prepare for trial, discuss the facts of the case, or provide legal advice. [D.E. 42] 4. Rahman's sworn statements at the Rule 11 hearing contradict his latest allegations. See, e.g., [D.E. 35] 19–21 (Rahman admits he discussed the charges, the sentencing guidelines, the sentencing factors, and the entirety of the plea agreement with his attorney). The court must dismiss claims that rely on allegations that contradict sworn statements at the Rule 11 hearing. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Moreover, the court asked Rahman at his arraignment about his interaction with counsel, and Rahman failed to indicate that he had not had

4

ample time to speak with his lawyer, that he had not talked with his lawyer about the case, or that he was not fully and completely satisfied with his lawyer's legal services. [D.E. 35] 13. Furthermore, an affidavit filed by Rahman's trial counsel contradicts his claims. See [D.E. 53-1] ¶¶ 5–6. Accordingly, Rahman's second claim fails.

In his third claim, Rahman alleges that he received ineffective assistance when trial counsel failed to object to the PSR. Specifically, Rahman argues that counsel should have objected to the application of 2 criminal history points applied under U.S.S.G. § 4A1.1(d) and 1 criminal history point applied under section 4A1.1(c) because the conviction on which these points were based was part of the relevant conduct for the conspiracy charge, and such convictions are excluded from criminal history calculations by section 4A1.2. See [D.E. 42] 8.

The court assumes, without deciding, that the three criminal history points were incorrectly scored and that Rahman's counsel was deficient in failing to challenge the points. As for prejudice, a defendant alleging ineffective assistance of counsel at sentencing must show that, but for counsel's error, there is a reasonable probability that he would have received a shorter sentence. See, e.g., Lafler, 132 S. Ct. at 1386; Glover v. United States, 531 U.S. 198, 203–04 (2001). The court assumes, without deciding, that had counsel objected to the criminal history points, the court would have sustained the objections and removed the points, leaving Rahman with 2 criminal history points and a criminal history category of II. In light of Rahman's base offense level of 31, see PSR ¶ 43, the court assumes, without deciding, that Rahman's advisory guideline range would have been 121 to 151 months on count one.

A criminal history category of II understates the seriousness of Rahman's criminal history and the likelihood that Rahman will reoffend. In particular, Rahman has been selling cocaine since age fourteen. PSR ¶ 6. Rahman or a coconspirator would carry a firearm whenever he conducted

5

a drug transaction. Id. When describing how much cocaine he had purchased during the course of the conspiracy, Rahman stated that it was "a lot of k[ilograms]," too many to estimate. Id. ¶ 7. Rahman was arrested in May 2007 when police in New York searched his vehicle and found a large bag of cocaine. Id. ¶ 15. Rahman received only five years of probation as a result of the offense. Id. Instead of taking advantage of this leniency, Rahman decided to continue the conspiracy and his life as a drug dealer.

During the sentencing hearing, the court repeatedly discussed Rahman's criminal history and the profoundly troubling nature of his failure to comply with probation. The court specifically noted its discretion to vary upward in light of Rahman's criminal history and the section 3553(a) factors. [D.E. 34] 9. The court noted that Rahman's prior convictions, including the New York conviction, "were wake up calls that [Rahman] missed." Id. 24–25. To the extent the Sentencing Guidelines advise the court to treat Rahman's likelihood to reoffend similarly to that of a defendant who did not receive such wake up calls, the court rejects such guidance. Based on Rahman's offense behavior, criminal history, and the need to deter and incapacitate Rahman, the court specifically rejected a request to vary downward because such a sentence would not be sufficient in this case. See id. 25 (noting that Rahman's conduct has shown that when he is not incarcerated, he is "committing felonies"). The court "particularly not[ed] the need to deter and to protect the public from further crimes by this defendant." Id. Having considered all of the statutory sentencing factors, the court then determined that 156 months' imprisonment on count one and 60 months' imprisonment on count two was "sufficient, but not greater than necessary" to achieve the purposes set forth in 18 U.S.C. § 3553(a). See id. 23–26. Such a sentence would have been (and remains) procedurally and substantively reasonable. See, e.g., United States v. Diasdado-Star, 630 F.3d 359, 365–67 (4th Cir. 2011); United States v. Evans, 526 F.3d 155, 161–66 (4th Cir. 2008).

6

The maximum term of imprisonment under the statute of conviction was life. See 21 U.S.C. § 841(b)(1)(A). The court remains steadfast in its belief that 216 months' imprisonment is the sentence sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a). See [D.E. 34] 23–26. Thus, even if Rahman's criminal history were improperly scored, the court would have varied upward from Rahman's advisory guideline range to impose the exact same sentence. See United States v. Hargrove, 701 F.3d 156, 162–64 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Rahman fails Strickland's prejudice prong because he cannot show that, but for his attorney's alleged error, there is a reasonable probability that he would have received a shorter sentence. Accordingly, Rahman's claim for ineffective assistance of counsel fails. See Lafler, 132 S. Ct. at 1386; Glover, 531 U.S. at 203–04.

In his fourth claim, Rahman alleges that he received ineffective assistance when trial counsel failed to argue against the application of 18 U.S.C. § 924(c). [D.E. 42] 8; [D.E. 42-1] 8–10. Rahman's claim is premised on his allegation that "it is undisputed that there is no evidence that [he] used or carried a firearm during and in relation to the drug trafficking crime for which he was convicted." [D.E. 42-1] 9. However, at his arraignment, Rahman admitted that he was guilty of using and carrying a firearm in relation to a drug trafficking crime and of possessing a firearm in furtherance of the drug trafficking crime. See [D.E. 35] 25–26. The court must dismiss claims that rely "on allegations that contradict sworn statements" at the Rule 11 hearing. Lemaster, 403 F.3d at 221–22. Moreover, Rahman admitted to law enforcement that he or another person would carry a firearm whenever he conducted a drug transaction. See PSR ¶ 6. Accordingly, Rahman's fourth claim fails.

7

In his fifth claim, Rahman alleges that he received ineffective assistance when counsel failed to file an appeal at Rahman's request on April 23, 2009. [D.E. 42-1] 4. The Sixth Amendment "requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professional unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id.

Rahman has plausibly alleged ineffective assistance of counsel. Trial counsel's affidavit [D.E. 53-1] contradicts Rahman's claim. However, because the Roseboro letter did not mention the possibility of converting the motion to dismiss into one for summary judgment, the court is limited to considering the pleadings. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (per curiam). Moreover, resolving this claim requires credibility determinations to settle the disputed issues of fact. Id. at 459–60. Accordingly, the court refers this matter to Magistrate Judge Gates for a prompt evidentiary hearing.

In his sixth claim, Rahman argues that he received ineffective assistance when counsel failed to object to the drug weight calculation. See [D.E. 42-1] 5. Specifically, Rahman alleges counsel

8

failed to object to the court's failure to apply "Pinkerton principles" to the distribution of drug weight. Rahman's claim is frivolous. In his statement to law enforcement, Rahman admitted that he (1) personally purchased two kilograms of powder cocaine from a source in Rocky Mount, North Carolina, and cooked one third of that cocaine into crack cocaine; (2) personally purchased "a lot of k[ilograms]" of cocaine from "Little Jason" in Robeson County, North Carolina; and (3) personally purchased two ounces of powder cocaine from Nick Jones. See PSR ¶ 7. The drug weight attributed to Rahman was therefore based on his own statements regarding his own drug trafficking activities. Rahman is properly held accountable for "all acts and omissions committed ... by [him] ... during the commission of the offense of conviction." U.S.S.G. § 1B1.3. Pinkerton v. United States, 328 U.S. 640 (1946), which discusses criminal liability for the acts of coconspirators, is simply irrelevant. Counsel's failure to object to the drug weight calculation without a factual or legal basis for such an objection is not ineffective assistance. Rather, counsel's restraint avoided Rahman's possibly losing a 3-level adjustment for acceptance of responsibility. Accordingly, Rahman's sixth claim fails.

Finally, in his seventh claim, Rahman argues that he should be resentenced based on changes to the Guidelines concerning crack cocaine that occurred after his sentencing. [D.E. 42] 5. The court construes this claim as a request for relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the Guidelines. Pursuant to Standing Order 11-SO-01 (E.D.N.C. Sept. 26, 2011), the court refers this matter to the Federal Public Defender to determine whether Rahman is eligible to seek a reduction under section 3582(c)(2). Accordingly, Rahman's claim for relief under 18 U.S.C. § 3582(c)(2) in his section 2255 motion is dismissed without prejudice. This order is without prejudice to Rahman attempting seek relief directly under 18 U.S.C. § 3582(c).

9

III.

In sum, the court GRANTS IN PART the government's motion to dismiss [D.E. 51] and dismisses in part Rahman's motion to vacate [D.E. 42]. The court refers Rahman's claim that trial counsel failed to file an appeal at his request to Magistrate Judge Gates for a prompt evidentiary hearing. The court refers Rahman's request for relief under 18 U.S.C. § 3582(c) to the Federal Public Defender and dismisses the pending request without prejudice. Rahman's previous motions under 28 U.S.C. § 2255 [D.E. 27, 40, 41] are dismissed as moot. The court DISMISSES all of Rahman's other claims. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This __1__ day of August 2013.

JAMES C. DEVER III
Chief United States District Judge