IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-126-D
No. 7:10-CV-69-D

| | |
|---|---|
| MUHAMMAD ABDUL RAHMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On August 1, 2013, the court resolved most of Muhammad Abdul Rahman's section 2255 motion, but referred his claim that trial counsel failed to file an appeal at his request to Magistrate Judge Gates for a prompt evidentiary hearing [D.E. 56]. On August 20, 2013, Magistrate Judge Gates held an evidentiary hearing [D.E. 69, 70]. Rahman testified at the hearing, as did his former lawyer. On August 27, 2013, Magistrate Judge Gates issued a thorough Memorandum and Recommendation ("M&R") [D.E. 71]. In that M&R, Judge Gates recommended that the court dismiss Rahman's sole remaining claim due to a lack of credible evidence. Specifically, Judge Gates found "that [Rahman] has failed to show by a preponderance of the evidence that he instructed [his counsel] to file an appeal. Instead, the credible evidence establishes that [Rahman] expressly communicated that he did not want to appeal." Id. at 9. On September 6, 2013, Rahman filed objections (through counsel) to the M&R [D.E. 76]. On September 13, 2013, the government filed a response [D.E. 79].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the entire record, Rahman's objections, and the government's response. As for those portions of the M&R to which Rahman made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Rahman objected. Essentially, Rahman disagrees with the findings of fact that Judge Gates made concerning the sole remaining claim, including Judge Gates's credibility findings. Rahman also argues that Judge Gates failed to analyze correctly Rahman's argument that he signed the appellate waiver under pressure from his counsel. See [D.E. 76].

The court rejects Rahman's arguments. Judge Gates held an evidentiary hearing [D.E. 70] and thoroughly analyzed the evidence [D.E. 71]. Having independently reviewed the record and considered all arguments that Rahman has made, the court adopts the findings and conclusions in the M&R and overrules the objections.

In sum, Rahman's objections to the M&R [D.E. 76] are OVERRULED, and the court DISMISSES Rahman's claim for ineffective assistance of counsel for failure to file an appeal [D.E. 42]. The court DENIES Rahman's pro se motions [D.E. 67, 68] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 16 day of September 2013.

JAMES C. DEVER III
Chief United States District Judge