IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-126-D
No. 7:10-CV-69-D

| | | |
|---|---|---|
| MUHAMMAD ABDUL RAHMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 12, 2014, Muhammad Abdul Rahman ("Rahman") filed a pro se motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence [D.E. 91]. On December 12, 2014, Rahman (through counsel) filed an amended motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, Amendment 750, and Amendment 782 [D.E. 95]. On December 17, 2014, the government responded, acknowledged that the court had discretion to reduce Rahman's sentence on count one, and deferred to the court on whether to reduce Rahman's sentence on count one [D.E. 96]. As explained below, the court denies Rahman's motions to reduce his sentence.

On November 17, 2008, pursuant to a written plea agreement, Rahman pleaded guilty to two counts in a criminal information [D.E. 4]. Count one charged him with conspiring to distribute and to possess with the intent to distribute more than 50 grams of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and count two charged him with using and carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). See [D.E. 13]. On April 23, 2009, at the sentencing hearing, the court calculated Rahman's advisory guideline range to be 135 to 168 months' imprisonment on count one and 60 months'

imprisonment on count two, to be served consecutively to the sentence on count one. See Sent. Tr. [D.E. 34] 5. After considering the entire record and all relevant section 3553(a) factors, the court sentenced Rahman to 156 months' imprisonment on count one and 60 months' imprisonment on count two, to be served consecutively. Sent. Tr. 23–28; [D.E. 22, 23]. Rahman did not appeal until March 11, 2010. See [D.E. 24-2]. On November 10, 2010, the United States Court of Appeals for the Fourth Circuit dismissed his appeal as untimely [D.E. 37].

On November 14, 2011, pursuant to 28 U.S.C. § 2255, Rahman filed a motion to vacate, set aside, or correct his sentence [D.E. 42]. On August 1, 2013, the court dismissed every claim in Rahman's section 2255 motion, except for Rahman's claim that his trial counsel failed to follow Rahman's instruction to file a notice of appeal. See [D.E. 56]. As for the sole remaining claim, Magistrate Judge Gates held an evidentiary hearing, issued a memorandum and recommendation, and recommended that the court reject the sole remaining claim. See [D.E. 71]. On September 16, 2013, the court adopted the M&R, rejected Rahman's sole remaining claim, and denied a certificate of appealability. See [D.E. 80]. On June 2, 2014, the Fourth Circuit declined to issue a certificate of appealability and dismissed Rahman's appeal. See [D.E. 86, 87].

The court has discretion under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, Amendment 750, and Amendment 782 to reduce Rahman's sentence on count one. In accordance with these provisions, the court has recalculated Rahman's advisory guideline range on count one. Nonetheless, the court declines to exercise its discretion to reduce Rahman's sentence on count one. See, e.g., United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Rahman has a deplorable criminal history (PSR ¶¶ 11–15), a poor work history (id. ¶¶ 29–33), and a history of violence. See id. ¶ 14. Additionally, he is a recidivist cocaine dealer

2

who has been dealing cocaine since age 14. See id. ¶¶ 6, 15. Having (again) reviewed the entire record, including the new material that Rahman cites and Rahman's incredible testimony during his section 2255 proceeding ([D.E. 71] 9–17), the court finds that Rahman received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See, e.g., Perez, 536 F. App'x at 321; cf. Sent. Tr. 23–28. Thus, the court denies Rahman's motions under 18 U.S.C. § 3582(c).

In sum, the court DENIES Rahman's motions under 18 U.S.C. § 3582(c) [D.E. 91, 95], and DENIES Rahman's motion for leave to respond concerning his section 2255 motion [D.E. 82] as moot.

SO ORDERED. This 2 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge

3

Case 7:08-cr-00126-D  Document 97  Filed 01/02/15  Page 3 of 3